## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

**JIMMY DALE STARK,**

**Plaintiff,**

v.                                           **Case No. 3:18-cv-00405**

**WESTERN REGIONAL JAIL;**
**LIEUTENANT MORRSION,**

**Defendants.**


### PROPOSED FINDINGS AND RECOMMENDATION

On February 26, 2018, Plaintiff Jimmy Dale Stark, proceeding *pro se* and incarcerated at the Western Regional Jail in Barboursville, West Virginia, filed a complaint under 42 U.S.C. § 1983, alleging that he was not receiving proper medical care in violation of the Eighth Amendment to the United States Constitution. (ECF No. 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for total pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3). Currently pending is Defendants' Motion to Dismiss. (ECF No. 9). For the reasons explained below, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Defendants' Motion to Dismiss; **DISMISS** the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6); and **REMOVE** this civil action from the docket of the Court.

1

## I.     <u>Relevant History</u>

According to the West Virginia Regional Jail and Correctional Facility Authority's prisoner database, Plaintiff was booked into the Western Regional Jail on October 8, 2017 as a Division of Corrections inmate. *See* https://apps.wv.gov//OIS/OffenderSearch/RJA. Plaintiff initiated the instant civil action in February 2018, claiming that he was supposed to receive medicine for constant ringing in his ears and for anxiety attacks, but was not getting his medication. (ECF No. 2 at 4). He also claimed to "have bleeding where I'm not suppost [sic] to," but was not being treated for that condition. (*Id.* at 5). For relief, Plaintiff asked the Court to place him "back on home confinement" where he could receive his medication and take care of his wife.

On March 13, 2018, summonses were issued, and the defendants were served with process by the United States Marshals Service. (ECF No. 4, 5, 6, 7, 8). On May 10, 2018, Defendants filed a Motion to Dismiss on the grounds that Plaintiff's complaint was factually insufficient to state a claim and that Plaintiff sought relief that was unavailable under 42 U.S.C. § 1983. The following day, the undersigned issued an Order explaining to Plaintiff his right to respond to the Motion to Dismiss and providing him with thirty days in which to argue in opposition to dismissal. (ECF No. 10). Despite receiving the Order, Plaintiff did not file a response.

On August 16, 2018, the undersigned issued a second Order related to Defendants' Motion to Dismiss. (ECF No. 11). In this Order, Plaintiff was advised of various deficiencies in his complaint; including, the lack of any stated injuries and the lack of any factual allegations specific to Defendant Morrison. Plaintiff was given twenty days to amend the complaint in order to cure the pleading deficiencies. In addition, Plaintiff was notified that the relief he requested was not available under § 1983; therefore, he was

given an opportunity to amend the relief portion of the complaint. (*Id.*). The docket indicates that Plaintiff received a copy of the second Order. Although more than a month has passed since the second Order was entered, Plaintiff has not filed an amended pleading. Indeed, there has been no contact from Plaintiff since the initial filing of his complaint in February 2018. As Plaintiff has been given ample opportunity to respond to the pending Motion to Dismiss and to cure the defects identified in his pleading, Defendants' Motion to Dismiss is ripe for resolution.

## II.  **Standard of Review**

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017). Rule 12(b)(6) permits the court to dismiss a complaint that fails to state a claim for which relief may be granted. A complaint fails to meet the requisite pleading standard, when viewing the factual allegations as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The "plausibility" standard  is further explained in *Iqbal* as follows:

> The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief."

*Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 1955) (internal citations omitted).

"Where the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679. Determining whether a complaint states a facially plausible claim for relief is a "context-specific task that requires the court to draw on its judicial experience and common sense." *Id.* (citing *Iqbal v. Hasty,* 490 F.3d 143, 157–158 (2nd Cir. 2007)).

When deciding a Rule 12(b)(6) motion, the court must accept as true all of the factual allegations contained in the complaint and must "draw all reasonable inferences in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *also Erickson v. Pardus,* 551 U.S. 89 (2007). Nonetheless, the court is not required to accept the legitimacy of legal conclusions, even those couched as factual allegations. *Iqbal,* 556 U.S. at 678. "A court decides whether [the plausibility] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to relief. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011). To survive a motion to dismiss, a complaint must plead both a factual and legal basis for relief. *Iqbal,* 556 U.S. at 678. ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to establish a facially plausible complaint).

Courts are required to liberally construe *pro se* complaints, such as the one filed in this action. *Erickson,* 551 U.S. at 94. However, even under this less stringent standard, the complaint must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003). The court may not rewrite the pleading to include claims that were never presented, *Parker v.*

4

*Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). A Rule 12(b)(6) motion should be granted only "'where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.'" *Hartmann v. Calif. Dept. of Corr. & Rehab.,* 707 F.3d 1114, 1122 (9th Cir.2013) (citing *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1102 (9th Cir.2008)).

## III.  <u>Discussion</u>

Plaintiff complains that he received inadequate medical care while incarcerated at the Western Regional Jail. The Eighth Amendment "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (*citing Hudson v. Palmer,* 468 U.S. 517, 526–27 (1984)). However, "[p]rison conditions may be 'restrictive and even harsh.'" *Farmer*, 511 U.S at 833 (*quoting Rhodes v. Chapman,* 452 U.S. 337, 347 (1981) ("To the extent that [prison] conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."). "The Eighth Amendment does not prohibit cruel and unusual prison conditions; it prohibits cruel and unusual punishments." *Strickler v. Waters,* 989 F.2d 1375, 1381 (4th Cir. 1993). Thus, not every uncomfortable condition of confinement is actionable. *Rhodes,* 452 U.S. at 347. Ultimately, this prohibition "does not mandate comfortable prisons, and only those deprivations denying the 'minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter,* 501 U.S. 294, 298 (1991) (*quoting Rhodes,* 452 U.S. at 347).

In order for Plaintiff to maintain a *prima facie* case that his conditions of confinement violated the Eighth Amendment, he must show both (1) the deprivation of a basic human need that was "sufficiently serious," when measured by an objective standard, and (2) that the responsible prison officials had a "sufficiently culpable state of mind." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citing *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed upon an inmate cannot properly be called 'punishment,' and absent severity, a punishment cannot be called 'cruel and unusual.'" *Iko*, 535 F.3d at 238.

To satisfy the objective component, Plaintiff must show that the challenged condition caused or constituted an extreme deprivation. *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). "[T]o demonstrate such an extreme deprivation, [Plaintiff] must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from [his] exposure to the challenged conditions." *Odom v. South Carolina Dept. of Corrections*, 349 F.3d 765, 770 (4th Cir. 2003) (quoting *De'Lonta*, 330 F.3d at 634). "Compelling a showing of significant physical or emotional harm, or a grave risk of such harm, infuses an element of objectivity into the analysis, lest resolution of the seriousness of the deprivation devolve into an application of the subjective views of the judges deciding the question." *Shakka v. Smith,* 71 F.3d 162, 166 (4th Cir. 1995) (citing *Strickler v. Waters,* 989 F.2d 1375, 1370–80 (4th Cir. 1993)).

To fulfill the subjective component, Plaintiff must demonstrate a "deliberate indifference" to his health or safety by the defendants. *Farmer*, 511 U.S. at 834. The Supreme Court explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. Deliberate indifference is more than mere negligence but less than malice. *Flores v. Stevenson,* Civil Action No. 2:11–cv–01278–TMC–BHH, 2012 WL 2803721 (D.S.C. May 11, 2012). Put simply, the staff at the Western Regional Jail had a sufficiently culpable state of mind if they were aware of an excessive risk of harm to Plaintiff's health or safety, but disregarded it. *See Wilson*, 501 U.S. at 298; *Brown v. North Carolina Dept. of Corrections*, 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)) ("[T]he test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so."). To establish that a prison official's actions constituted deliberate indifference to a serious medical need, "the treatment must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990). A mere difference of opinion about whether medical care is needed is usually insufficient to maintain a valid cause of action.

Here, even when accepting the allegations in the complaint as true, and construing them in the light most favorable to Plaintiff, the complaint, as written, simply fails to include enough facts to state a plausible claim for relief. To begin, the complaint includes no specific factual allegations against Lieutenant Morrison, the only individual named as a defendant. Consequently, the complaint entirely fails to satisfy the subjective prong of an Eighth Amendment claim. There is absolutely nothing in the complaint upon which

7

the Court can infer that Lieutenant Morrison was aware of an excessive risk of harm to Plaintiff and nevertheless disregarded that risk. In fact, the complaint provides no information to suggest that Lieutenant Morrison played any role in Plaintiff's health care, knew of his treatment needs, or ignored signs that Plaintiff was suffering from a serious illness or untreated medical condition.[1]

Moreover, as Defendants point out, Plaintiff fails to allege any significant physical or emotional injury resulting from the alleged lack of health care, nor does he describe a substantial risk of serious harm related to inadequate treatment. In the absence of an injury, or a grave risk of injury, Plaintiff cannot demonstrate the extreme deprivation required to meet the objective prong of an Eighth Amendment claim. While Plaintiff mentions daily anxiety attacks, chronic and bothersome ringing in his ears, and some nebulous bleeding, his complaint is so lacking of supporting facts that it is impossible to even speculate about the severity and consequences of these symptoms.

Finally, Plaintiff asks for relief that is not available under 42 U.S.C. § 1983. Plaintiff

_____

[1] Although not specifically raised by Defendants, the Western Regional Jail, as an arm of the State of West Virginia, is entitled to immunity from suit under the Eleventh Amendment to the United States Constitution and should be dismissed on this ground, as well. The Eleventh Amendment provides, in relevant part, that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Although the Eleventh Amendment refers only to suits by citizens of other states, the United States Supreme Court has construed the Amendment to "establish that an unconsenting State is immune from suits brought in federal court by her own citizens as well as by citizens of another state." *Port. Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (2009) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)) (markings omitted). The immunity created by the Amendment protects both the State, itself, and its agencies, divisions, departments, officials, and other "arms of the State." *Taylor v. Ozmint*, Case No. 0:10–50–HMH–PJG, 2011 WL 286133, at *2 (D.S.C. Jan. 7, 2011) (citing *Will* 491 U.S. at 70); *see also Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1977) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). This Court may *sua sponte* raise the issue of sovereign immunity. *See Regueno v. Erwin*, No. 2:13-CV-00815, 2013 WL 1837881, at *2 (S.D.W. Va. May 1, 2013) (holding that "[a]lthough [the Jail] did not raise an Eleventh Amendment immunity defense in its motion, 'because of its jurisdictional nature, a court ought to consider the issue of Eleventh Amendment immunity at any time, even *sua sponte.*'") (quoting *Suarez Corp. Indus. v. McGraw,* 125 F.3d 222, 227 (4th Cir.1997)).

requests to be released from jail and returned to home confinement. The law is well settled that a petition for a writ of habeas corpus—not a civil rights complaint—is the exclusive remedy for a state prisoner who seeks immediate or speedier release from detention. *Heck v. Humphrey,* 512 U.S. 477, 481 (1994); *Johnson v. Ozmint,* 567 F. Supp.2d 806, 823 (D.S.C. 2008) (holding that release from prison is not a result obtainable in a § 1983 action). Therefore, Plaintiff's complaint should be dismissed for failure to state a claim for which the requested relief may be granted.

## IV.    Proposal and Recommendations

For the reasons set forth above, the undersigned **PROPOSES** that the presiding District Judge accept and adopt the findings herein and respectfully **RECOMMENDS** that Defendants' Motion to Dismiss, (ECF No. 9), be **GRANTED**; the complaint be **DISMISSED** for failure to state a claim; and this civil action be **REMOVED** from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de*

*novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff and counsel of record.

**FILED:** September 17, 2018

Cheryl A. Eifert
United States Magistrate Judge

10